DeSCHAMPS v. THE GERMAN &C. INSURANCE CO.

APPEAL—RETURN—EXCEPTIONS.—The twenty days within which appellant is required to file his "Return" does not commence to run until the expiration of the thirty days within which appellant is allowed to serve his proposed case with exceptions, even though he may have previously served his exceptions.

Motion to reinstate appeal dismissed by the clerk under Rule 1, because the appellant had not filed his "Return" within twenty days after service of notice of intention to appeal and exceptions, both being served at time for service of notice of intention to appeal.    January 26, 1896,

PER CURIAM.    This was a motion to reinstate an appeal dismissed by the clerk, under Rule 1, for failure to file the "return" within the prescribed time.    That rule requires that the "return" shall be filed within twenty days after the papers constituting said "return" shall be completed; and Rule 2 provides what papers shall constitute the "return," amongst which are the notice of intention to appeal, and the exceptions.    The undisputed facts of this case are, that the defendant gave due notice of its intention to appeal, and at the same time served its exceptions.    Subsequently, however, appellant prepared and served its proposed case, with exceptions, within thirty days after the service of the notice of intention to appeal.    The practical question in this case is, whether the twenty days, within which appellant is required to file the "return," commenced to run at the date of the first service of the exceptions, or at the expiration of

the thirty days within which appellant is allowed by the statute to serve his case, with exceptions. If the former be the date at which the twenty days commences to run, then it is conceded that the "return" was not filed in time, and, therefore, the appeal was properly dismissed by the clerk. But if the twenty days does not commence to run until the expiration of the thirty days within which appellant is allowed to serve his case, with exceptions, then, it is likewise conceded, that the "return" was filed in time; and hence the motion to reinstate the appeal must be granted.

The majority of the Court have reached the conclusion, that the twenty days, within which appellant is required to file the "return," does not commence to run until the expiration of the thirty days within which appellant is allowed to serve his proposed case, with exceptions, even though he may have previously served his exceptions, inasmuch as the appellant may desire to serve additional exceptions. The Chief Justice, while not exactly prepared to assent to the correctness of the view taken by the majority, is willing to waive his doubts and acquiesce therein, in order that this question of practice may be finally settled by the unanimous decision of the Court.

It is, therefore, ordered, that the case be reinstated on the calendar of this Court, and heard at this term.